UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATOSHA SANDERS,<br><br>               Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social<br>Security,<br><br>               Defendant. | Case No. CV 17-0320-JPR<br><br>**MEMORANDUM DECISION AND ORDER REVERSING COMMISSIONER** |

**I.    PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying her applications for Social Security disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The parties consented to the jurisdiction of the undersigned under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation, filed November 13, 2017, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is reversed and this action is remanded for further proceedings.

**II. BACKGROUND**

Plaintiff was born in 1975. (Administrative Record ("AR") 54, 66, 157, 161.) She completed 12th grade (AR 188) and worked as a court clerk, an in-home caregiver, and a bookkeeper (AR 32, 177, 189).

On November 5 and 19, 2013, Plaintiff applied for DIB and SSI, respectively, alleging that she had been unable to work since March 6, 2013, because of lower-back pain, arthritis, depression, anxiety, and a spinal tear. (AR 54-55, 66-67, 157-66, 187.) After her applications were denied (AR 78-79, 82-85, 87-90), she requested a hearing before an Administrative Law Judge (AR 92-94). A hearing was held on March 12, 2015, at which Plaintiff testified, as did a vocational expert and two medical experts. (See AR 29-53.) In a written decision issued April 23, 2015, the ALJ found Plaintiff not disabled. (AR 15-28.) Plaintiff sought Appeals Council review (AR 9-10), which was denied on November 15, 2016 (AR 1-6). This action followed.

**III. STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance.

Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV. THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

A. The Five-Step Evaluation Process

The ALJ follows a five-step evaluation process to assess whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine

whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, the claimant is not disabled and her claim must be denied. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[1] to perform her past work; if so, she is not disabled and the claim must be denied. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id. If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because she can perform other substantial gainful work available in the national economy.

---

[1] RFC is what a claimant can do despite existing exertional and nonexertional limitations. §§ 404.1545, 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). The Commissioner assesses the claimant's RFC between steps three and four. Laborin v. Berryhill, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing § 416.920(a)(4)).

4

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Drouin, 966 F.2d at 1257. That determination comprises the fifth and final step in the sequential analysis. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

B.   The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 6, 2013, the alleged onset date. (AR 17.) At step two, she concluded that Plaintiff had medically determinable impairments of "degenerative disc disease of the lumbar spine, obesity, and asthma" that "in combination" were severe. (AR 18-20.) At step three, she determined that Plaintiff's impairments did not meet or equal a listing. (AR 20-21.) At step four, the ALJ found that Plaintiff had the RFC to perform less than the full range of sedentary work:

> [She] can lift and carry 10 pounds occasionally and 10 pounds frequently. She can stand and walk six hours of an eight-hour day and sit for six hours of an eight-hour day. [She] cannot climb ladders, ropes, or scaffolds. [She] cannot work around concentration of fumes, dust, or irritants. Further, due to [her] need for epidural injections every three months, she would be absent from the time of the procedure and would be off from work two to three days after the procedure.

(AR 21-22.) The ALJ concluded that Plaintiff could perform her past relevant work as a court clerk and a bookkeeper. (AR 24-25.) Accordingly, she found Plaintiff not disabled. (AR 25.)

**V.   DISCUSSION**

Plaintiff argues that the ALJ improperly rejected the opinion of internist Harvey Alpern, a consulting medical expert. (J. Stip. at 4-8, 15-16.)[2] As discussed below, the ALJ erred by failing to give a clear and convincing reason for rejecting part of Dr. Alpern's opinion, and the matter must be remanded for further proceedings.

    A.    <u>The ALJ Improperly Evaluated the Medical-Opinion Evidence</u>

        1.    <u>Applicable law</u>

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. <u>Lester</u>, 81 F.3d at 830. A treating physician's opinion is generally entitled to more weight than an examining physician's, and an examining physician's opinion is generally entitled to more weight than a nonexamining physician's. <u>Id.</u>; <u>see</u> §§ 404.1527, 416.927.[3] But "the findings of a nontreating,

---

[2] Plaintiff did not raise this issue to the Appeals Council (<u>see</u> AR 236-38), nor did she argue at the hearing that she was disabled based on the medical expert's testimony (<u>see generally</u> AR 29-53). But because Defendant has not argued that Plaintiff has forfeited her right to raise the issue here, the Court addresses it on its merits.

[3] Social Security regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. When, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. <u>See</u> <u>Lowry v. Astrue</u>, 474 F. App'x 801, 804 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); <u>Garrett ex rel. Moore v. Barnhart</u>, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."); <u>Spencer v.</u>

6

nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996) (per curiam) (as amended). This is especially true of a testifying medical expert, who is subject to questioning by Plaintiff's representative. Andrews v. Shalala, 53 F.3d 1035, 1042 (9th Cir. 1995).

The ALJ may disregard a physician's opinion regardless of whether it is contradicted. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); see Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). When a physician's opinion is not contradicted by other medical-opinion evidence, however, it may be rejected only for "clear and convincing" reasons. Magallanes, 881 F.2d at 751; Carmickle, 533 F.3d at 1164 (citing Lester, 81 F.3d at 830-31). When it is contradicted, the ALJ must provide only "specific and legitimate reasons" for discounting it. Carmickle, 533 F.3d at 1164 (citing Lester, 81 F.3d at 830-31). The weight given a treating or examining physician's opinion, moreover, depends on whether it is consistent with the record and accompanied by adequate explanation, among other things. §§ 404.1527(c)(3)-(6), 416.927(c)(3)-(6). Those factors also determine the weight afforded the opinions of nonexamining physicians. §§ 404.1527(e), 416.927(e). The ALJ considers findings by state-

---

Colvin, No. 3:15-CV-05925-DWC, 2016 WL 7046848, at *9 n.4 (W.D. Wash. Dec. 1, 2016) ("42 U.S.C. § 405 does not contain any express authorization from Congress allowing the Commissioner to engage in retroactive rulemaking"). Accordingly, citations to 20 C.F.R. §§ 404.1527 and 416.927 are to the versions in effect from August 24, 2012, to March 26, 2017.

7

agency medical consultants and experts as opinion evidence.  <u>Id.</u>

An ALJ need not recite "magic words" to reject a physician's opinion or a portion of it; the court may draw "specific and legitimate inferences" from the ALJ's opinion.  <u>Magallanes</u>, 881 F.2d at 755.  The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."  <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted).

2.   <u>Relevant background</u>

Dr. Alpern reviewed Plaintiff's medical record and testified on March 12, 2015, that she had a history of "distant" asthma, obesity, and degenerative disc disease.  (AR 44.)  He noted that though her degenerative disc disease did not "show classic impingement," "atrophy," or "associated findings of ambulation problems," "she would have restrictions."  (<u>Id.</u>)  He limited her to a sedentary RFC with "[n]o ropes or ladders, and no concentrated noxious fumes, dust or irritants."  (AR 45.)  She also would be absent from work "[e]very three months when she has her [epidural] procedure."  (<u>Id.</u>)  When the ALJ asked how much time Plaintiff would need off for the procedure, Dr. Alpern answered "[a] week," "maybe less."  (<u>Id.</u>)  The ALJ further inquired whether there was a "reasonable likelihood that [Plaintiff's doctors] would continue [her] epidurals every three months on a sustained basis."  (AR 51.)  Dr. Alpern testified that if the epidurals "demonstrate[d] true effectiveness[,] they may" continue administering them, but "[o]therwise they would recommend surgery."  (<u>Id.</u>)

8

The ALJ found that Dr. Alpern's testimony was "entitled to significant evidentiary weight" because he "had the opportunity to review all of [Plaintiff's] evidence of record prior to the hearing, listened to, and observed [Plaintiff] at the hearing." (AR 18.) She further found that his testimony was "consistent with the remainder of the credible evidence of record." (AR 21.)

At the hearing, one of the hypotheticals the ALJ presented to the VE limited Plaintiff to "need[ing] to be off two to five days in one week every three months." (AR 50.) The VE testified that if her absences were "at the two or three day level it would not be a problem" but "at that upper range, getting into the four and five days, [Plaintiff would not] be able to maintain employment." (AR 51.) In her decision, the ALJ assessed that "due to [her] need for epidural injections every three months, [Plaintiff] would be absent from the time of the procedure and would be off from work two to three days after the procedure." (AR 22.)

### 3. Analysis

Plaintiff contends that the ALJ "failed to provide a valid explanation for omitting Dr. Alpern's opinion, of which he gave great weight to, limiting [Plaintiff] to miss a week[,] maybe less[,] every three months for epidural injections." (J. Stip. at 8.) Because Dr. Alpern's opinion concerning the epidurals was uncontradicted, the ALJ was required to provide a "clear and convincing" reason for rejecting it. See Carmickle, 533 F.3d at 1164. But she provided no reason, must less one that was clear and convincing. Her failure to explain that departure from Dr. Alpern's opinion was error. See Reddick, 157 F.3d at 725 (ALJ

must explain why his conclusions, rather than doctors', are correct); Burden v. Berryhill, No. 2:17-cv-00222-RBL, 2017 WL 4417225, at *2 (W.D. Wash. Oct. 5, 2017) ("[T]he ALJ erred by tacitly rejecting part of [a nonexamining physician's] opinion without explanation.").

Defendant contends that "[t]o the extent there was a question as to how much work Plaintiff would miss when she had her injections, the ALJ reasonably resolved the question." (J. Stip. at 10-11 (citing Tommasetti v. Astrue, 533 F.3d 1035, 1041-42 (9th Cir. 2008)).) But as argued by Plaintiff, "[a] week maybe less[] does not mean the ceiling is three days and the floor is two days — rather[,] the ceiling is five days and the floor is two." (Id. at 16.) The ALJ needed to provide a clear and convincing reason for excluding from Plaintiff's RFC the high end of Dr. Alpern's assessment of her expected absenteeism, and she did not do so, despite giving his opinion "significant evidentiary weight." (See AR 18, 21); Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) (district court must "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking"). Defendant further points out that the ALJ found Plaintiff "not credible" (AR 23) and "reasonably found that [her] reported daily activities were not limited to the extent expected if she had to be off her feet for five days," a finding Plaintiff has not challenged on appeal. (J. Stip. at 11-12.) But the ALJ expressly found that Dr. Alpern's "testimony [was] consistent with the remainder of the credible evidence of record"

10

(AR 21), and her discounting of Plaintiff's credibility did not absolve her of the need to give a sufficient reason for not adopting a portion of the doctor's opinion.

Moreover, the ALJ's failure to provide a reason for rejecting Dr. Alpern's opinion was not harmless. Harmless error can be found only "when it [is] clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins, 466 F.3d at 885 (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006)). The VE specifically testified that Plaintiff's absence "four or five days" every three months would mean she was not "able to maintain employment." (AR 51.) Four or five days falls within the upper range of Dr. Alpern's opinion that Plaintiff would be absent "[a] week . . . maybe less" for her procedures. (See AR 45, 51.) The difference between Dr. Alpern's opinion and the ALJ's RFC of "two to three days" was determinative of Plaintiff's disability, and thus the ALJ's error was not harmless.[4] See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (finding error not harmless "where the ALJ did not even mention [doctor's] opinion" regarding one of plaintiff's limitations).

Accordingly, because the ALJ failed to provide a clear and convincing reason for rejecting Dr. Alpern's opinion on

---

[4] Moreover, Dr. Alpern testified that "[i]f [the epidurals] demonstrate[d] true effectiveness," Plaintiff's doctors might continue administering them "on a sustained basis." (AR 51.) The epidurals were in fact effective in decreasing her pain (see, e.g., AR 543 (epidural steroid injection "with good results" (emphasis omitted)), 1079 (same), 1138 (same)), as noted by the ALJ (AR 23).

11

Plaintiff's expected absenteeism, remand is warranted. <u>See</u> <u>Reddick</u>, 157 F.3d at 725.

      B.    <u>Remand for Further Proceedings Is Appropriate</u>

Plaintiff contends that the Court "should reverse and order the payment of benefits." (J. Stip. at 8, 16-17.) But when, as here, an ALJ errs, the Court "ordinarily must remand to the agency for further proceedings." <u>Leon v. Berryhill</u>, 880 F.3d 1041, 1045 (9th Cir. 2017) (as amended Jan. 25, 2018); <u>see also</u> <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended); <u>Connett v. Barnhart</u>, 340 F.3d 871, 876 (9th Cir. 2003).

Here, further administrative proceedings would serve the useful purpose of allowing the ALJ to reconsider Dr. Alpern's opinion concerning the epidurals. She may clarify whether Dr. Alpern believed that Plaintiff would be absent on the high or low end of "a week . . . maybe less" and reevaluate Plaintiff's RFC in light of that determination. If she again rejects his assessment that Plaintiff would be absent for some specific length of time after each epidural procedure, she must provide a clear and convincing reason for that finding. Thus, remand is appropriate. <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1020 n.26 (9th Cir. 2014).

**VI. CONCLUSION**

Consistent with the foregoing and under sentence four of 42 U.S.C. § 405(g),[5] IT IS ORDERED that judgment be entered

---

[5] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

12

REVERSING the Commissioner's decision, GRANTING Plaintiff's request for remand, and REMANDING this action for further proceedings consistent with this memorandum decision.

DATED: May 22, 2018          _____
                             JEAN ROSENBLUTH
                             U.S. Magistrate Judge